IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24-CR-00176 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGE BAYNES, ET AL., | ) | <u>MOTION TO CONTINUE TRIAL</u> |
| | ) | |
| Defendants. | ) | |

Now comes the United States of America, by and through counsel, Rebecca C. Lutzko, United States Attorney for the Northern District of Ohio, and Matthew Shepherd, Assistant United States Attorney for the Northern District of Ohio, and respectfully moves this Court to continue the trial currently set for November 18, 2024, the final pretrial conference, and all other pretrial dates as to all defendants because the current competency evaluation process for Defendant George Baynes will not be complete by the trial date, as the report of his evaluation is not due to the Court until December 3, 2024. The United States requests that the Court set a status conference after December 3, 2024, at which time new trial and final pretrial conference dates can be set. Further, the United States requests that the Court make an "ends of justice" finding that the time period between November 18, 2024, and the new status conference be excluded from the calculation of the requirements of the Speedy Trial Act. In support of this motion, the government avers the following:

1. On May 14, 2024, the Grand Jury returned a 19-count indictment against George Baynes and Aaron Betts charging both defendants with multiple firearms-related offenses, as well as charging Baynes with murder-for-hire. (R. 7: Indictment). The initial Trial Order scheduled a

trial on July 29, 2024. (R. 15: Trial Order). On July 1, 2024, Betts filed a motion to continue the final pretrial conference, the trial, and all other pretrial dates. The United States did not oppose this motion. (R. 21: Motion to Continue). On July 2, 2024, the Court granted Betts' motion and continued the final pretrial conference until November 4, 2024, at 9:00 am and the trial until November 18, 2024, as to Betts. On July 16, 2024, the United States filed a motion to continue Baynes' trial to the same date as Betts. (R. 22: Motion to Continue). On July 18, 2024, the Court issued an order that also continued Baynes' trial, scheduling both defendants for a final pretrial conference on November 4, 2024, for trial on November 18, 2024, and making an ends of justice finding to exclude the time until November 18, 2024, from the calculation of the requirements of the Speedy Trial Act.

  2. On July 17, 2024, Baynes filed a Motion for Mental Examination, requesting that the Court order a mental health examination to determine whether he should enter a notice of insanity defense and whether he is competent to stand trial. (R. 23: Motion for Mental Examination). The Court granted this motion and ordered that Baynes be examined at a suitable Bureau of Prisons facility. (R. 25: Order; R. 27: Amended Order).

  3. On October 9, 2024, after receiving a Psychiatric Status Report that requested an extension of the time for conducting the evaluation of Baynes, the Court entered an order granting that request, requiring that the evaluation be completed no later than November 12, 2024, and that the written evaluation report be submitted to the Court no later than December 3, 2024.

  4. A continuance of the trial date is necessary because the evaluation process of Baynes will not be complete prior to November 18, 2024, as the written report of the evaluation is not due until December 3, 2024. After receipt of the report, the parties will require sufficient time to review the report, and the Court will likely hold a competency hearing. Further, because the

evaluation will not be complete until November 12, 2024, Baynes may not be back in the district by November 18, 2024.

5. In addition, a continuance is in the interests of justice because Baynes has been absent from the district for the mental examination, making it impossible for him to meet with defense counsel to prepare for trial. As previously indicated to the Court, the government has provided voluminous discovery to the defense in this case. At the prior hearing in this case, Baynes indicated that he could not read, meaning his defense attorney is required to read documents to him, making the trial preparation process even lengthier. This also prevents defense counsel from being able to prepare for trial with Baynes at a distance through the exchange of written materials. Because of the timing of the mental health examination, additional time is reasonably needed by Baynes and his counsel to prepare for trial. Because of the concerns over Baynes' competency, the parties have also been unable to engage in any plea negotiations. Any attempts to resolve this case through a negotiated plea agreement will require additional time after Baynes returns to the district.

6. For all of these reasons, as well as the reasons contained in its previously filed July 6, 2024, motion to continue (R. 22: Motion to Continue), including the reasons why a joint trial of both defendants is in the interests of justice, which are adopted here as if fully rewritten, the government asserts that a continuance of the November 18, 2024, trial date is warranted because "the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

7. Instead of requesting a new, specific date, the United States requests that the Court set a status conference for a date after December 3, 2024, because until the results of that report are received and defense counsel has an opportunity to confer with Baynes after his return to the

district, it will be impossible for the parties to know how much time is required for all parties to effectively prepare for trial.

8.  The undersigned has consulted with counsel for Defendants George Baynes and Aaron Betts, and counsel for both do not oppose this motion to continue.

WHEREFORE, the United States respectfully requests that the Court continue the scheduled pretrial on November 4, 20224, and the trial on November 18, 2024 as to all defendants; that the Court set a status conference after December 3, 2024; that the Court specifically find for the reasons identified in this motion that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial; and that the Court find that the time from November 18, 2024, until the new status conference date be excluded from the speedy trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Respectfully submitted,

REBECCA C. LUTZKO
United States Attorney

By:  /s/ Matthew W. Shepherd
Matthew W. Shepherd (OH: 0074056)
Assistant United States Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3859
(216) 685-2378 (facsimile)
Matthew.Shepherd@usdoj.gov